| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: __9/23/2022__ |
| EDUARDO REYES NEPOMUCENO,<br><br>         Plaintiff,<br><br>-v-<br><br>AMSTERDAM DELI AND CONVENIENCE CORP, COLUMBIA DELI & GRILL INC., AMMAR AL KUTAINY, NASSER AL KUTAINY, SHAWQI ALGAAD, and FOUAD THABET SALEH,<br><br>         Defendants. | No. 19-cv-3150 (MKV)<br><br>ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

MARY KAY VYSKOCIL, District Judge:

  Plaintiff Eduardo Reyes Nepomuceno brings this action asserting violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and various provisions of the New York Labor Law ("NYLL"). Before the Court is Plaintiff's unopposed motion for partial summary judgment against Defendant Shawqi Algaad. For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

           **I.**  **BACKGROUND**[1]

**A. Facts**

  Defendant Shawqi Algaad, along with three other individuals, owned Columbia Deli & Grill, Inc. from 2015 until January 17, 2019. Pl. 56.1 ¶¶ 1, 2; Algaad Depo. at 7:3–8:3; Contract

---

[1] The facts are based on the uncontested evidence cited in Plaintiff's statement of material facts, submitted pursuant to Local Civil Rule 56.1 [ECF No. 104 ("Pl. 56.1")], including Plaintiff's affidavit [ECF No. 102 ("Pl. Aff.")], his counsel's affirmation [ECF No. 103], and the exhibits attached to that affirmation [ECF Nos. 103-1 ("Algaad Depo."), 103-2 ("Contract of Sale"), 103-3, 103-4, 103-5]. The Court accepts as true Plaintiff's factual assertions, insofar as those factual assertions are supported by the evidence in the record, because Mr. Algaad failed to oppose Plaintiff's motion and offer contrary evidence. *See Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244, 246 (2d Cir. 2004); Local Civ. R. 56.2.

1

of Sale. Columbia Deli & Grill, Inc. owned Columbia Deli & Grill, a bodega in Manhattan. Pl. 56.1 ¶ 3; Pl. Aff. ¶ 2; Algaad Depo. at 8:23–9:3.

During his time as an owner, Mr. Algaad hired and fired employees. *See* Pl. 56.1 ¶ 9, 10, 11; Algaad Depo. at 11:16–18, 31:12, 35:11–12. He decided how much to pay employees. Pl. 56.1 ¶ 8; Algaad Depo. at 11:13–15. He handed employees their wages. Pl. 56.1 ¶ 6; Algaad Depo. at 11:7–9. He made their schedules. Pl. 56.1 ¶ 7; Algaad Depo. at 11:10–12. Mr. Algaad also told employees "what to do." Pl. 56.1 ¶ 5; Algaad Depo. at 11:3–6.

Mr. Algaad hired Plaintiff Eduardo Reyes Nepomuceno in March 2018, although the exact date of his hiring is unclear. *See* Pl. 56.1 ¶¶ 10, 16, 17; Pl. Aff. ¶ 3; Algaad Depo. at 30:23–31:10. Mr. Algaad did not give Plaintiff any written documents or ask Plaintiff to sign anything when he was hired or at any time thereafter. Pl. Aff. ¶¶ 11, 12; Algaad Depo. at 33:8–24. Plaintiff worked at Columbia Deli & Grill until at least July 2018, although he avers that he worked there longer. Pl. 56.1 ¶ 20; Pl. Aff. ¶ 13. Specifically, Plaintiff asserts that he was not fired until January 2019, although he did not work at the bodega for a period of time between late October 2018 and early November 2018. Pl. Aff. ¶ 10. Mr. Algaad decided what to pay Plaintiff, set his schedule, and handed him wages. Pl. Aff. ¶ 5; *see also* Algaad Depo. at 33:14–16, 34:1–7. Mr. Algaad also ultimately fired Plaintiff. Pl. 56.1 ¶ 11; Algaad Depo. at 35:11–12.

Plaintiff "made sandwiches and cleaned the kitchen." Pl. Aff. ¶ 4. When he cleaned the kitchen, Plaintiff used a product called Mistolin, which is made in Puerto Rico. Pl. Aff. ¶ 6 [ECF No. 103-3]. The bodega sold, among other things, Pepsi, Coca-Cola, and Ben & Jerry's ice cream. Pl. 56.1 ¶ 14. The gross revenues of Columbia Deli & Grill exceeded $500,000 in 2018. Pl. 56.1 ¶ 15; Algaad Depo. at 27:15–17.

Plaintiff worked at least 48 hours per week. Pl. 56.1 ¶ 19; *see* Pl. Aff. ¶ 8; Algaad Depo. at 32:15–17. Plaintiff maintains that he "worked approximately 59 hours in [his] first week, and 60 hours per week thereafter, with the exception of one month, either April or May 2018, where [he] worked 12 hours per day five days per week and 10 hours per day one day per week." Pl. Aff. ¶ 8. However, Mr. Algaad testified at a deposition that Plaintiff worked six days a week from 7:00 am to 3:00 p.m., for a total of 48 hours per week, and never worked more than ten hours in a day. Algaad Depo. at 32:1–21.

Plaintiff avers that he was paid "what averaged to approximately $540 per week." Pl. Aff. ¶ 9. Mr. Algaad, however, testified that he paid Plaintiff $840 per week. Algaad Depo. at 32:6–7. Plaintiff asserts that Mr. Algaad simply paid Plaintiff what he "felt was fair," rather than "relying on any statute in good faith." Pl. 56.1 ¶ 25.

Plaintiff asserts in his affidavit that Mr. Algaad fired him because Plaintiff, through counsel, demanded unpaid wages. Pl. Aff. ¶ 13. Mr. Algaad testified that he fired Plaintiff because he came to work drunk and "used to play in the store." Algaad Depo. at 35:7–12.

**B. Procedural History**

Plaintiff initiated this action by filing a complaint in April 2019, which he later amended twice [ECF Nos. 1, 16, 47]. The Second Amended Complaint ("SAC") asserts a number of claims under the Fair Labor Standards Act and various provisions of the New York Labor Law. However, the SAC groups these claims into four sections that are styled as four claims for relief.

First, Plaintiff asserts several different violations of the FLSA. Specifically, as relevant here, Plaintiff alleges that Mr. Algaad failed to pay Plaintiff the minimum wage applicable under the FLSA. SAC ¶ 61. Plaintiff also alleges that Mr. Algaad failed to pay him overtime compensation required by the FLSA. SAC ¶ 62. And Plaintiff alleges that Mr. Algaad violated

the FLSA by firing Plaintiff when he complained.  SAC ¶ 63.  Plaintiff further alleges that each of these FLSA violations was willful.  SAC ¶ 68.

Second, Plaintiff alleges violations of the New York statutes requiring employers to pay minimum wages, overtime, and spread-of-hours wages.  SAC ¶¶ 73, 74, 75.  Plaintiff also alleges that Mr. Algaad violated New York law by firing Plaintiff for complaining about these violations of New York law.  SAC ¶ 77.  Third, Plaintiff alleges that Mr. Algaad failed to provide him with the wage notice, acknowledgment, and wages statements required by New York Law. SAC ¶¶ 84, 86.  Fourth, and finally, Plaintiff asserts a claim for declaratory judgment.  SAC ¶ 91.

Columbia Deli & Grill, Inc. and Mr. Algaad appeared, answered, and participated in discovery [ECF Nos. 80].  The other defendants named in the lawsuit—the individuals who co-owned Columbia Deli & Grill, Inc. with Mr. Algaad and the entity that purchased it in January 2019, never responded to the pleadings.[2]

After conducting discovery, in accordance with the Court's Individual Rules of Practice in Civil Cases, Plaintiff filed a pre-motion letter seeking leave to file a motion for partial summary judgment and attached a "draft of plaintiff's Local Rule 56.1 statement of material facts" [ECF No. 88 at 2; ECF No. 88-1].  Also in accordance with the Court's Individual Rules, Mr. Algaad's counsel filed a pre-motion letter in opposition to Plaintiff's contemplated motion, along with "a draft of Defendants' Response to Plaintiff's Local Rule 56.1 statement" [ECF No. 97 at 2; ECF No. 91-1 ("Def. Draft 56.1 Response")].  In his pre-motion letter, Mr. Algaad's counsel noted his

---

[2] In Plaintiff's motion for summary judgment against Mr. Algaad, Plaintiff asserts: "The other defendants are currently in default" [ECF No. 105 ("Pl. Mem.") at 5].  The Court notes, however, that while Plaintiff obtained Clerk's Certificates of Default with respect to Defendants Ammar Al Kutainy, Nasser Al Kutainy, Fouad Thabet Saleh, and Amsterdam Deli and Convenience Corp., Plaintiff has never moved for a default judgment [ECF No. 76, 77, 78, 79]. With respect to Defendant Columbia Deli & Grill, Inc., Plaintiff has sought neither summary judgment, nor an entry of default.

4

intention to dispute certain factual assertions in Plaintiff's draft 56.1 statement, but Mr. Algaad's counsel did not submit or cite any evidence.

The Court set a briefing schedule for Plaintiff's contemplated motion [ECF No. 95]. The Court admonished the parties that any request for an extension had to be made at least 72 hours before the filing deadline and that failure to comply might result in sanctions [ECF No. 95 at 2]. After the Court issued the briefing schedule, but before Plaintiff filed his motion, Mr. Algaad's counsel filed a letter requesting to withdraw as counsel, along with an affidavit from Mr. Algaad affirming that he consented to his counsel's request to withdraw and that he wished to defend himself *pro se* [ECF Nos. 98, 98-1]. The Court granted defense counsel's request to withdraw, and Mr. Algaad's request to proceed *pro se*, "on the condition that" counsel take certain steps to ensure that Mr. Algaad was "informed of all of the pending deadlines in this case, including the deadline for his opposition to the anticipated motion for summary judgment" and that Mr. Algaad would continue to receive filings in the case [ECF No. 100].

Thereafter, Plaintiff timely filed his motion for partial summary judgment [ECF Nos. 101, 102, 103, 104, 105]. He seeks summary judgment on Mr. Algaad's liability for failing to pay Plaintiff minimum wages in violation of the FLSA and New York law [ECF No. 105 ("Pl. Mem." at 5, 12–14)]. He seeks summary judgment on Mr. Algaad's liability for failing to pay Plaintiff overtime in violation of the FLSA and New York law. Pl. Mem. at 5, 14–15. He also seeks summary judgment on Mr. Algaad's liability for failing to pay Plaintiff spread-of-hours wages in violation of New York law. Pl. Mem. at 5, 18. Finally, Plaintiff seeks summary judgment on his claim that Mr. Algaad failed to provide him with a wage notice, acknowledgment, and wage statements in violation of New York law, including entry of judgment for the applicable statutory damages. Pl. Mem. at 5, 20–21.

Plaintiff acknowledges that the amount of any other damages is in dispute, since there are disputes about the length of Plaintiff's employment, the hours he worked, and the wages he received. Pl. Mem. at 5, 9–10. Plaintiff also acknowledges that he is not entitled to summary judgment on his federal and state claims that Mr. Algaad illegally retaliated against Plaintiff for demanding unpaid wages, since the parties "disagree over the reason for the firing." Pl. Mem. at 9. The motion is silent about Plaintiff's declaratory judgment claim.

Mr. Algaad failed to meet the deadline for opposing Plaintiff's motion for partial summary judgment [ECF No. 95]. Before ruling on the unopposed motion, the Court issued an order giving Mr. Algaad, who is now *pro se*, a final opportunity to be heard and directing that Mr. Algaad file any opposition by August 12, 2022 [ECF No. 112]. The Court stated: "Mr. Algaad is on notice that he must respond by affidavit, or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, setting forth specific facts showing that there is a genuine issue of material fact for trial. *See Irby v. N.Y. City Transit Auth.*, 262 F.3d 412, 413–14 (2d Cir. 2001)." The Court further stated that if Mr. Algaad failed to meet the new deadline to oppose the motion, the Court would consider the motion unopposed and "accept as undisputed" Plaintiff's uncontested evidence. Mr. Algaad failed to file any opposition.

## II.   LEGAL STANDARD

Summary judgment is appropriate only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Ya-Chen Chen v. City Univ. of New York*, 805 F.3d 59, 69 (2d Cir. 2015). The moving party bears the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Then, if the moving party satisfies his initial burden, "the opposing party must come forward with specific evidence

demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011). The non-moving party "may not rely on conclusory allegations or unsubstantiated speculation" to raise a genuine dispute. *Id.* (quoting *FDIC v. Great American Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010)).

Rule 56(a) of the Federal Rules of Civil Procedure provides that "if a non-moving party fails to oppose a summary judgment motion, then 'summary judgment, *if appropriate*, shall be entered against' him." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (emphasis in original) (quoting Fed. R. Civ. P. 56(a)). The "failure to respond may allow the district court to accept the movant's factual assertions as true." *Id.* Nevertheless, the district court must "examin[e] the moving party's submission to determine" if he has met his initial burden of demonstrating that there is no genuine issue of material fact. *Id.* In making this determination, the district court "may not rely solely" on the moving party's 56.1 statement. *Id.* Rather, the district court "must be satisfied that the citation to evidence in the record supports the assertion" therein. *Id.* Furthermore, in all events, "the moving party must still establish that the undisputed facts entitle him to 'a judgment as a matter of law.'" *Id.* at 246 (quoting *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996)).

### III.   DISCUSSION

**A. Plaintiff Meets the Threshold Requirements for his FLSA Claims.**

As noted above, Plaintiff seeks summary judgment on Mr. Algaad's liability for violating the minimum wage and overtime requirements of the FLSA and NYLL. The FLSA provides that an employer subject to the statute must pay a covered employee a minimum wage and must compensate the employee at a rate of one and one-half times his regular rate of pay if the employee works more than 40 hours in a given work week. 29 U.S.C. §§ 206, 207. To establish his claims

under the FLSA, Plaintiff must first establish that Plaintiff is a covered employee, and that Mr. Algaad is liable to him as an employer. *See Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 497 (S.D.N.Y. 2017), *aff'd*, 752 F. App'x 33 (2d Cir. 2018). Plaintiff meets these threshold requirements.

### 1. There Is No Dispute that Plaintiff Is a Covered Employee.

The FLSA provides coverage to employees who are "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a). Such "enterprise coverage" applies when (1) an employer "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and (2) the "annual gross volume of sales made or business done" by the enterprise "is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(I); *see Jacobs v. New York Foundling Hosp.*, 577 F.3d 93, 96 (2d Cir. 2009) (discussing enterprise coverage). "Enterprise coverage has been interpreted broadly by the courts." *Boekemeier v. Fourth Universalist Soc'y in City of New York*, 86 F. Supp. 2d 280, 285 (S.D.N.Y. 2000). As courts in this circuit have explained, "even a 'local laundry' is covered if the soap it uses moved in interstate commerce." *Velez v. Vassallo*, 203 F. Supp. 2d 312, 328 (S.D.N.Y. 2002) (quoting *Marshall v. Baker*, 500 F. Supp. 145, 151 (N.D.N.Y. 1980)); *see also Jacobs*, 577 F.3d at 99 n.7; *Archie v. Grand Cent. Partnership, Inc.*, 997 F. Supp. 504, 530 (S.D.N.Y. 1998).

Based on the uncontested evidence in the record before the Court, Plaintiff is covered by the FLSA because his employer meets both tests for enterprise coverage. With respect to the first test, Plaintiff handled a product called Mistolin when he cleaned the kitchen at Columbia Deli & Grill. Pl. Aff. ¶ 6. Plaintiff offers an exhibit to show that Mistolin is made in Puerto Rico [ECF No. 103-3], and Mr. Algaad has not contested Plaintiff's evidence regarding Mistolin. Plaintiff

also submits evidence that other employees also worked at the bodega handling or selling products that moved in interstate commerce, such as Pepsi, Coca-Cola, and Ben & Jerry's ice cream. *See* Algaad Depo. at 17:4–6; *id.* at 29:22–30:5 [ECF Nos. 103, 103-4, 103].

To meet the second test of enterprise coverage, Plaintiff offers evidence that the annual gross revenues of Columbia Deli & Grill exceeded $500,000 during Plaintiff's employment. Pl. 56.1 ¶ 15; Algaad Depo. at 27:15–17. In particular, Mr. Algaad testified at a deposition that the bodega took in about "$2,500 or $2,600 a day" in 2018, which amounts to well in excess of $500,000 per year, assuming the bodega was open on business days. Algaad Depo. at 27:17. As such, based on the Court's examination of the evidence in the record, Plaintiff has met his burden to demonstrate that there is no dispute of material fact with respect to either test of enterprise coverage. *See Vermont Teddy Bear Co.*, 373 F.3d at 244.

In the pre-motion letter defense counsel filed before he withdrew as counsel and Plaintiff moved for summary judgment, defense counsel indicated his intention to dispute that the bodega's annual gross revenues exceeded $500,000 [ECF Nos. 97, No. 91-1]. Specifically, defense counsel asserted that Mr. Algaad "misspoke" at his deposition. Def. Draft 56.1 Response ¶ 15 (emphasis omitted). However, Mr. Algaad never submitted an affidavit or any other evidence to support that assertion. As explained above, he failed to file any opposition, even after the Court admonished him to "respond by affidavit, or as otherwise provided in Rule 56," or the Court would "accept as undisputed" Plaintiff's uncontested evidence [ECF No. 112]. Even if the Court were to treat the pre-motion letter as a response to the later-filed motion, the pre-motion letter would not meet Mr. Algaad's burden to demonstrate the existence of a dispute, since he did not submit or cite any evidence. *See Brown* 654 F.3d at 358. A non-moving party may not rely on an unsupported assertion by counsel to create a genuine dispute of material fact. *Id*.

9

### 2. There Is No Dispute that Mr. Algaad Employed Plaintiff.

The FLSA imposes liability on any "employer" who violates its provisions. *Fernandez v. HR Parking Inc.*, 407 F. Supp. 3d 445, 450 (S.D.N.Y. 2019) (citing 29 U.S.C. § 216(b), (e)(2)). The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). An employer can be "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." *Id*. § 203(a); *see id.* § 203(d). "An individual may simultaneously have multiple employers for the purposes of the FLSA, in which event, all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA." *Martin v. Sprint United Mgmt. Co.*, 273 F. Supp. 3d 404, 421 (S.D.N.Y. 2017) (alteration and internal quotation marks omitted).

To be held liable as an "employer" under the FLSA, "an individual defendant must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013); *see also Jeong Woo Kim v. 511 E. 5TH St., LLC*, 133 F. Supp. 3d 654, 665 (S.D.N.Y. 2015) (noting that "the overarching concern is whether the alleged employer possessed the power to control the workers in question" (quoting *Moon v. Kwon*, 248 F. Supp. 2d 201, 236 (S.D.N.Y. 2002))). The Second Circuit has identified various factors to consider, including "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry*, 722 F.3d at 104–05 (quoting *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 142 (2d Cir. 2008)). It is not necessary to establish all four factors to establish an employment relationship. *See Barfield*, 537 F.3d at 143.

Several courts in this circuit have recognized that "[t]he definition of employer and analysis for determining whether an employer/employee relationship exists under the NYLL are parallel to that of the FLSA." *Fernandez v. Kinray, Inc.*, 406 F. Supp. 3d 256, 261 n.3 (E.D.N.Y. 2018) (collecting sources). "To be sure, the New York Court of Appeals has not yet resolved whether the NYLL's standard for employer status is coextensive with the FLSA's, but there is no case law to the contrary." *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 940 (S.D.N.Y. 2013). As such, courts routinely apply the same tests to determine whether individuals or entities are joint employers under the FLSA and NYLL. *See Monzano-Moreno v. Libqual Fence Co., Inc.*, 2021 WL 730663, at *10 (E.D.N.Y. Feb. 5, 2021) (collecting cases); *Benzinger v. Lukoil Pan Americas*, LLC, 447 F. Supp. 3d 99, 132 n.19 (S.D.N.Y. 2020) (collecting cases); *Fernandez*, 407 F. Supp. 3d at 452 (collecting cases); *Martin*, 273 F. Supp. 3d at 422 (collecting cases).

Plaintiff's uncontested evidence establishes that Mr. Algaad was a joint employer of the plaintiff. Mr. Algaad hired and fired employees. *See* Pl. 56.1 ¶ 9, 10, 11; Algaad Depo. at 11:16–18, 31:12, 35:11–12. He decided how much to pay employees and handed them their wages. Pl. 56.1 ¶¶ 6, 8; Algaad Depo. at 11:7–15. He made their schedules and told them "what to do." Pl. 56.1 ¶¶ 5, 7; Algaad Depo. at 11:3–12. Indeed, Mr. Algaad hired and fired Plaintiff. *See* Algaad Depo. at 31:11–13, 35:11–12. Mr. Algaad also decided what to pay Plaintiff, set his schedule, and handed him wages. Pl. Aff. ¶ 5; *see also* Algaad Depo. at 33:14–16, 34:1–7. Based on the Second Circuit factors for determining whether someone is an employer within the meaning of the FLSA, and the parallel analysis for the NYLL, Mr. Algaad employed Plaintiff.

### B. Plaintiff's Minimum Wage Claims Fail as a Matter of Law.

The FLSA requires an employer to pay an employee a minimum wage. 29 U.S.C. § 206(a)(1). New York law also prescribes a minimum wage. N.Y. Lab. Law § 652(1). During the

11

time that both sides agree Plaintiff worked at Columbia Deli & Grill, the applicable New York minimum wage was $12 per hour. *See* N.Y. Lab. Law § 652(1). The federal minimum wage was $7.25 per hour. 29 U.S.C. § 206(a)(1).

"An employee's regular rate of pay is 'the hourly rate actually paid [to] the employee for the normal, non-overtime workweek for which he is employed.'" *Silva v. Legend Upper W. LLC*, No. 16-cv-3552 (PGG), 2021 WL 4197360, at *5 (S.D.N.Y. Sept. 14, 2021) (quoting *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424 (1945)). Under the FLSA, the regular rate of pay is determined by "dividing the employee's weekly compensation by the number of hours for which that compensation is intended." *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 338 (S.D.N.Y. 2005) (quoting *Moon v. Kwon*, 248 F. Supp. 2d 201, 230 (S.D.N.Y. 2002)). As discussed below in connection with Plaintiff's overtime claims, for purposes of the FLSA, there is a presumption that a weekly wage is intended to cover 40 hours. *Moon*, 248 F. Supp. 2d at 207. A similar presumption exists in New York law. *See* 12 N.Y.C.R.R. §§ 146-1.4, 146-3.5(b). In other words, the regular rate of pay is the weekly wage divided by 40 hours.

Plaintiff contends that he was paid $540 per week. Pl. Aff. ¶ 9. Mr. Algaad testified that he paid Plaintiff $840 per week. Algaad Depo. at 32:6–7. Using either measure, however, Plaintiff's regular rate of pay exceeded the New York and federal minimum wages. $540 divided by 40 hours is $13.50 per hour, which is more than both the New York minimum wage of $12 per hour and the federal minimum wage of $7.25 per hour. Accordingly, Plaintiffs' minimum wage claims fail as a matter of law.

### C. Plaintiff Is Entitled to Summary Judgment on his FLSA and NYLL Overtime Claims.

The same standard governs Plaintiff's overtime claims under the FLSA and the New York Labor Law. *See Lundy v. Catholic Health Sys. of L.I., Inc.*, 711 F.3d 106, 118 (2d Cir. 2013). The

FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). This requirement is incorporated into the NYLL. *See* 12 N.Y.C.R.R. § 142-2.2.

The record establishes that Plaintiff worked at least 48 hours per week. *See* Algaad Depo. at 32:1–21. As mentioned above, courts apply a presumption that a fixed weekly wage covers only the first 40 hours of the workweek. *See Moon*, 248 F. Supp. 2d at 207; *Giles v. City of New York*, 41 F. Supp. 2d 308, 317 (S.D.N.Y. 1999); *see also Reyes v. Cafe Cousina Rest. Inc.*, 2019 WL 5722475, at *4 (S.D.N.Y. Aug. 27, 2019), *report and recommendation adopted*, 2019 WL 5722109 (S.D.N.Y. Oct. 7, 2019) (discussing the NYLL). To rebut the presumption, the defendant has to come forward with evidence of "an employer-employee agreement" that the weekly wage includes overtime wages. *Giles*, 41 F. Supp. 2d at 317.

Mr. Algaad has not come forward with any evidence of an agreement with Plaintiff that his weekly wages included overtime wages. As explained above, Mr. Algaad has not come forward with any evidence at all. On the contrary, as discussed below, Mr. Algaad testified that he never gave Plaintiff any written documents or asked him to sign *anything*, which, presumably, includes an agreement that his weekly wage included overtime pay. Algaad Depo. at 33:8–24. As such, Plaintiff is entitled to summary judgment on Mr. Algaad's liability for failing to pay him overtime wages as required by the FLSA and NYLL. Plaintiff concedes that the amount of damages is in dispute. *See* Pl. Mem. at 15.

### D. Plaintiff Is Not Entitled to Summary Judgment on his Spread-of-Hours Claim.

Plaintiff seeks "a ruling that he was never paid spread-of-hours wages." Pl. Mem. at 18. The NYLL entitles an employee to spread-of-hours pay, meaning "one additional hour of pay at the basic minimum hourly rate" for "each day on which the spread of hours exceeds 10." 12 N.Y.C.R.R. § 146-1.6(a); *accord Hernandez v. Jrpac Inc.*, No. 14-cv-4176 (PAE), 2016 WL 3248493, at *28 (S.D.N.Y. June 9, 2016). The "spread of hours" refers to "the length of the interval between the beginning and end of an employee's workday." 12 N.Y.C.R.R. § 146-1.6; *accord* Hernandez, 2016 WL 3248493, at *2.

The parties dispute whether Plaintiff ever worked more than ten hours in a day. Plaintiff states in his affidavit that, during "one month, either April or May 2018," he "worked 12 hours per day five days per week." Pl. Aff. ¶ 8. However, Mr. Algaad testified at his deposition that Plaintiff never worked more than ten hours in a day. Algaad Depo. at 32:18–21.

Plaintiff acknowledges in his brief that he would have to prove "[a]t trial" any "entitlement to spread-of-hours wages." Pl. Mem. at 18. Yet Plaintiff argues that the Court should rule on summary judgment that Plaintiff never received spread-of-hours wages. Pl. Mem. at 18. Such a ruling would be completely inappropriate. The record manifestly does not establish that Mr. Algaad failed to pay Plaintiff an additional hour of pay for each day on which Plaintiff worked more than ten hours, since Mr. Algaad flatly denied that Plaintiff "ever" worked more than ten hours in a day. Algaad Depo. at 32:18–21.

Moreover, summary judgment is not an opportunity for a Court to make various factual findings. On the contrary, a ruling on summary judgment is appropriate only where the movant establishes that there is no dispute of material fact and he is entitled to judgment as a matter of law. *Ya-Chen Chen*, 805 F.3d at 69. Since whether Plaintiff ever worked more than ten hours in

14

one day is obviously material to his spread-of-hours claim, and that fact is in dispute, Plaintiff is not entitled to any ruling on summary judgment in connection with that claim.

### E. Plaintiff Is Entitled to Summary Judgement on his Wage Notice and Statements Claim, But the Amount of Statutory Damages Is in Dispute.

Plaintiff seeks summary judgment on his claim that Mr. Algaad failed to provide Plaintiff with a wage notice and wage statements required by New York law. Pl. Mem. at 5, 20–21. Plaintiff further seeks an immediate award of damages on this claim. Plaintiff contends that, while the amount of any other damages would have to be proven at trial, because the parties dispute Plaintiff's hours and wages, the Wage Theft Prevention Act provides statutory damages that the Court should award now. Pl. Mem. at 5, 20–21.

The NYLL requires that, at the time of hiring, employers provide their employees a written notice with certain information, including: the employee's regular hourly rate of pay, the basis thereof, and the overtime rate; the regular pay day designated by the employer; and the employer's name and contact information. *See* N.Y. Lab. Law § 195(1)(a); *Salinas v. Starjem Rest. Corp.*, 123 F. Supp. 3d 442, 474 (S.D.N.Y. 2015). The employer is further required to obtain from its employees a signed and dated written acknowledgment of receipt of such notice, in English and in the employee's primary language, each time the notice is given, and must maintain these receipts for six years. N.Y. Lab. Law § 195(1)(a). An employee who does not receive a wage notice within ten business days of his first day of employment is entitled to recover $50 for "each work day that the violations occurred," up to a maximum of $5,000. N.Y. Lab. Law § 198(1-b).

In addition, "with every payment of wages," the employer must provide the employee with a statement listing, among other information, "the dates of work covered by that payment of wages"; the names of the employer and employee; the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, or commission; gross wages; and deductions. N.Y. Lab. Law

§ 195(3). If an employer fails to provide "a statement as required," the employee is entitled to recover $250 for "each work day that the violations occurred," up to a maximum of $5,000. N.Y. Lab. Law § 198(1-d).

Based on the Court's careful review of Plaintiff's uncontested evidence, it is undisputed that Mr. Algaad did not provide Plaintiff with the required wage notice, acknowledgment, and statements. At his deposition, Mr. Algaad testified that he did not give Plaintiff *any* written documents or ask Plaintiff to sign anything at the time Plaintiff was hired, or at any time thereafter. Algaad Depo. at 33:8–24. Mr. Algaad further conceded that when he paid Plaintiff, he gave Plaintiff cash and did not give him "any piece of paper" or "anything else that accompanied the cash." *See* Algaad Depo. at 33:3–20.

The amount of statutory damages, however, is in dispute. The amount of damages Plaintiff is entitled to collect based on Mr. Algaad's failure to provide a wage notice and acknowledgment at the time of Plaintiff's hiring is based on "each work day" that the violations occurred, up to a maximum of $5,000. N.Y. Lab. Law § 198(1-b). Similarly, Plaintiff is entitled to collect damages based on Mr. Algaad's failure to provide wage a statement for "each work day" the violations "occurred." NY. Lab. Law § 198(1-d). However, the parties dispute when Plaintiff was hired and how long he worked at Columbia Deli & Grill. *See* Pl. Aff. ¶¶ 3, 10. 13; Algaad Depo. at 30:23–31:10, 35:3–7.

Plaintiff argues that, with respect to the violation of the wage notice and acknowledgement requirements, the Court should award some damages now, and allow Plaintiff to seek more at trial, since it is undisputed that Plaintiff worked six days a week from at least March 25, 2018 though at least the end of June 2018. Pl. Mem. at 21. Plaintiff also argues that the Court should award damages for "Mr. Algaad's failure to furnish accurate weekly wage statements," since, according

16

to Plaintiff's calculations, multiplying the number of days both sides agree Plaintiff worked by $250 would exceed the statutory maximum of $5,000 in damages. Pl. Mem. at 21. Plaintiff's arguments are unpersuasive.

Contrary to Plaintiff's suggestion, the Court cannot simply award damages based on his estimate of a subset of his employment when the statute specifically ties the calculation of damages to "his first day of employment," and that date is in dispute. N.Y. Lab. Law § 198(1-b). The Court certainly cannot calculate the damages for "Mr. Algaad's failure to furnish accurate weekly wage statements" by multiplying each date Plaintiff worked by $250. Pl. Mem. at 21. Here, damages are tied to the date of the employer's failure to provide a wage statement when he pays the employee. N.Y. Lab. Law § 198(1-d). Plaintiff specifically testified that he was paid "every other week." Pl. Aff. ¶ 9. Thus, the first day for which Plaintiff would be entitled to collect damages would be two weeks after the first date of his employment, which date is in dispute. While Plaintiff is entitled to summary judgment with respect to Mr. Algaad's liability for failing to provide a wage notice, acknowledgment, and wage statements as required by New York law, the amount of statutory damages is in dispute.

### F. Plaintiff Is Not Entitled to Summary Judgment on Willfulness.

Plaintiff seeks a ruling that he is entitled to liquidated damages because, Plaintiff contends, Mr. Algaad willfully violated the FLSA and NYLL. In order to conclude that the Mr. Algaad's violations willful, the Court must find that he either knew or showed reckless disregard for whether his conduct was unlawful. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Reich v. Waldbaum, Inc.*, 52 F.3d 35, 39 (2d Cir. 1995); *Moon*, 248 F. Supp. 2d at 231. Plaintiff asserts that Mr. Algaad's violations were willful because he simply paid Plaintiff what Mr. Algaad "felt was fair," rather than "relying on any statute in good faith." Pl. 56.1 ¶ 25. However, Plaintiff cites

a portion of Mr. Algaad's deposition in which *Plaintiff's counsel* suggests that Mr. Algaad chose to pay "a fair wage" for Plaintiff's duties.  Algaad Dep. at 34:5.  To be sure, Mr. Algaad also conceded that he did not consult a lawyer or accountant about how to pay his employees.  Algaad Dep. at 36:6–10.  However, this concession is not enough.  Plaintiff has not demonstrated that Mr. Algaad knew of his statutory obligations or was more than merely negligent in failing to comply with them.  *See Lanzetta v. Florio's Enterprises, Inc.*, 763 F. Supp. 2d 615, 622 (S.D.N.Y. 2011). As such, the Court cannot rule that Plaintiff is entitled to liquidated damages.

### G. Plaintiff's Declaratory Judgment Claim Is Dismissed as Duplicative.

Plaintiff asserts a claim in the Second Amended Complaint for declaratory judgment, SAC ¶ 91, although Plaintiff's motion for partial summary judgment is silent about that claim.  The decision whether to award relief under the Declaratory Judgment Act ("DJA") lies within the discretion of the district court.  *See* 28 U.S.C. § 2201(a) (stating that the court "may declare" the rights of the party seeking a declaratory judgment); *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005).  In exercising that discretion, a district court considers "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty."  *Duane Reade*, 411 F.3d at 389.  Plaintiff's other claims "'will necessarily settle the issues for which the declaratory judgment is sought,' meaning that the DJA claim 'will serve no useful purpose' and will not 'serve to offer relief from uncertainty.'"  *City of Perry, Iowa v. Procter & Gamble Co.*, 188 F. Supp. 3d 276, 286 (S.D.N.Y. 2016) (quoting *Amusement Indus., Inc. v. Stern*, 693 F. Supp. 2d 301, 311–12 (S.D.N.Y. 2010)); *see id.* ("Courts generally reject a DJA claim when other claims in the suit will resolve the same issues.").  Thus, the Court exercises its discretion to dismiss Plaintiff's claim for a declaratory judgment as duplicative.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for summary judgment is GRANTED with respect to Mr. Algaad's liability for failing to pay overtime as required by the FLSA and the NYLL.  Plaintiff's motion for summary judgment is GRANTED with respect to Mr. Algaad's liability for failing to provide a wage notice, acknowledgment, and wage statements as required by the NYLL.  Plaintiff's requests for rulings on summary judgment that Plaintiff was never paid spread-of-hours wages and that Plaintiff is entitled to liquidated damages are DENIED.  Plaintiff's minimum wage claims under the FLSA and the NYLL are DISMISSED.  Plaintiff's declaratory judgment claim is DISMISSED.  The Court will issue a separate order scheduling trial.

The Clerk of Court is respectfully requested to terminate the motion for partial summary judgment pending at docket entry 101.

**SO ORDERED.**

Date:  **September 23, 2022**  
       **New York, NY**

**MARY KAY VYSKOCIL**  
**United States District Judge**