UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   3/28/2024
```

EDUARDO REYES NEPOMUCENO,

                              Plaintiff,

         -v-

COLUMBIA DELI & GRILL INC., Shawqi
ALGAAD, AMSTERDAM DELI AND
CONVENIENCE CORP., AMMAR Y. AL
KUTAINY, NASSAR A. AL KUTAINY, and
FOUAD THABET SALEH,

                              Defendants.

No. 19-cv-3150 (MKV)

OPINION & ORDER
DENYING DEFAULT JUDGMENT
DISMISSING CLAIMS
AND AWARDING DAMAGES

MARY KAY VYSKOCIL, District Judge:

       Before the Court is Plaintiff's motion for a default judgment against all of the defendants

in this wage-and-hour action [ECF No. 148].  This case has been languishing on the Court's docket

for years, in significant part because of Plaintiff's failures to prosecute his claims.  Plaintiff's

failures include, among other examples, his failure to obtain wage and hour records after six

extensions of time to complete discovery, his failure to file pretrial submissions, and his failure to

appear at a pretrial conference after the Court scheduled a jury trial.

       Plaintiff has filed four versions of his complaint [ECF Nos. 1, 16, 47, 158].  The two

original defendants, Columbia Deli & Grill Inc. and Shawqi Algaad, previously appeared and

answered but later withdrew from the litigation.  After eventually filing an unopposed motion for

partial summary judgment against Mr. Algaad only, Plaintiff obtained summary judgment against

Mr. Algaad with respect to his liability only for failing to pay overtime and to provide a wage

notice and wage statements (there were issues of fact with respect to damages for those claims and

with respect to liability for other claims, and the Court dismissed Plaintiff's minimum wage claims as facially deficient).

In his Second Amended Complaint, which Plaintiff filed nearly two years into this litigation, Plaintiff named four additional defendants: Amsterdam Deli and Convenience Corp., Ammar Al Kutainy, Nassar Al Kutainy, and Fouad Thabet Saleh.  These additional defendants have never appeared, and Plaintiff took no action to prosecute his claims against the non-appearing defendants for two and a half years, until the Court issued a "FINAL" warning that he faced dismissal with prejudice.

Specifically, having previously issued two Orders To Show Cause why this case should not be dismissed for failure to prosecute and five other orders warning about the potential for sanctions, the Court set a deadline for Plaintiff to move for a default judgment as to all of the defendants.  The Court warned: "**<u>THIS IS PLAINTIFF'S FINAL CHANCE TO PROSECUTE HIS CASE</u>**."  The Court stressed that if Plaintiff did not fully comply, in every particular, with the Court's orders and rules, the motion for a default judgment would be denied and the case would be dismissed for failure to prosecute.

Thereafter, Plaintiff obtained a Clerk's Certificate of Default, filed a motion for a default judgment, and requested leave to file to amend his pleading to correct the names and residences of non-appearing individual defendants.  The Court scheduled a hearing on the motion for a default, and Plaintiff was granted leave to file the Third Amended Complaint.

Plaintiff failed to appear at the scheduled time for the hearing on his motion.  In addition, the motion was defective, since Plaintiff's submissions made clear he never properly served the non-appearing individual defendants, among other reasons.  Moreover, Plaintiff failed to serve the Third Amended Complaint, his operative pleading, on any of the defendants.

For the reasons set forth below, Plaintiff's motion for a default judgment [ECF No. 148] is DENIED, and all claims for which Plaintiff has not previously obtained summary judgment are DISMISSED for failure to prosecute.

## I.    BACKGROUND

Plaintiff Eduardo Reyes Nepomuceno worked at deli in Manhattan, beginning in March 2018, for at most ten months [ECF No. 158 ("TAC") ¶ 29].  As explained in the Court's decision on summary judgment, and as Plaintiff admits, the record reflects a dispute about the length of Plaintiff's employment [ECF No. 116 ("Op.") at 6].  In April 2019, Plaintiff initiated this case alleging violations of the Fair Labor Standards Act and the New York Labor Law [ECF No. 1]. The case has been pending for nearly five years.

Plaintiff has amended his complaint three times [ECF Nos. 1, 16, 47, 158].  He originally asserted claims against Defendants Columbia Deli & Grill Inc. and Shawqi Algaad only [ECF Nos. 1, 16].  Those defendants appeared, answered, and participated in discovery [ECF Nos. 14, 80]. However, in 2021, counsel withdrew, and those defendants have never again participated in the litigation [ECF Nos. 100].  *See* Op at 3–6.

In the Second Amended Complaint, which was filed nearly two years into the litigation, Plaintiff added Defendants Amsterdam Deli and Convenience Corp., Ammar Al Kutainy, Nassar Al Kutainy, and Fouad Thabet Saleh [ECF No. 47].  These defendants allegedly purchased the deli in January 2019, after Plaintiff's employment ended.  TAC ¶¶ 29 ("The defendants employed the plaintiff . . . until January 10, 2019"), 42, 43 ("Since January 17, 2019, Amsterdam Deli and Convenience Corp[.], Ammar Y. Al Kutainy, Nassar A. Al Kutainy, and Fouad Thabet Saleh, have owned [the] business").  These defendants have never appeared in this case.  As explained below, the individuals were never properly served.

Plaintiff obtained Clerk's Certificates of Default against the non-appearing defendants in March 2021 [ECF Nos. 76, 77, 78, 79].  Thereafter, Plaintiff failed to move for a default judgment, or take any other action to prosecute the claims against them, for more than two and a half years, at which point Plaintiff acted only because the Court told Plaintiff it was his last chance to prosecute his claims before dismissal with prejudice [ECF No. 131].

In the interim, Plaintiff also allowed the case against the appearing defendants to languish until prompted to act.  In particular, Magistrate Judge Lehrburger, to whom the case was referred for general pretrial supervision, issued an Order reminding the parties that the deadline to complete discovery had passed and, as such, the parties were required to file a joint status letter [ECF No. 81].  Plaintiff responded by filing a letter requesting, *nunc pro tunc*, a "SEVENTH" extension of the discovery deadline because he had never obtained the "wage and hour records" from "defendants' store" [ECF No. 82].  In denying that request, Magistrate Judge Lehrburger pointed out that "Plaintiff was on notice that if [he] wanted to obtain records from the relevant party, Plaintiff needed to issue a subpoena.  Plaintiff made no such effort . . . . [and] failed to take any action until being prompted by [the Magistrate Judge's] order" [ECF No. 83].  Magistrate Judge Lehrburger directed the parties "to proceed to dispositive motions and/or trial in conformity with the District Judge's rules" [ECF No. 83].

After Plaintiff failed to take any action "to proceed to dispositive motions and/or trial," the Court issued an Order To Show Cause why counsel should not be sanctioned for failing to comply with the Magistrate Judge's Order [ECF No. 84].  In that Order To Show Cause, the Court warned: "Plaintiff, personally, is on notice that he is ultimately responsible for prosecuting this case, which may be dismissed because of his chosen counsel's conduct" [ECF No. 84].  The Court has

subsequently warned Plaintiff about the potential for sanctions, including "dismissal of this action" and "preclusion of claims," on five more occasions [ECF Nos. 95, 123, 126, 128, 131].

Plaintiff thereafter filed an unopposed motion for summary judgment on some, but not all, of his claims against Defendant Shawqi Algaad.  The Court granted Plaintiff summary judgment against Mr. Algaad with respect to his liability for failing to pay overtime, as required by the FLSA and the NYLL, and failing to provide a wage notice, acknowledgment, and wage statements as required by the NYLL [ECF No. 116 ("Op.") at 12–13, 15–17, 19].  Admitted disputes about the length of Plaintiff's employment and the hours he worked precluded judgment on the damages he sought for those claims.  *See id.*  Plaintiff sought, but the Court denied, summary judgment on his claims for spread-of-hours wages and liquidated damages based on Mr. Algaad's allegedly willful violation of the law.  *See id.* at 14–15, 17–18.  The Court dismissed, as facially deficient, Plaintiff's minimum wage claims, because he alleged in his pleading that he made more than minimum wages.  *See id.* at 11–12.

The Court then scheduled a jury trial to resolve the remaining claims and any damages as to Mr. Algaad [ECF No. 117].  However, Plaintiff's counsel failed to file any pretrial submissions, in violation of the Court's Order scheduling the trial, the Court's Individual Rules of Practice, and an Order To Show Cause [ECF Nos. 117, 119].  Plaintiff moreover failed to appear at a pretrial conference in violation of a court order [ECF No. 118].  Plaintiff also ignored two orders prompting him to advise the Court whether he objected to the appointment of *pro bono* counsel to assist Mr. Algaad at trial until after the Court adjourned the trial *sine die* because of Plaintiff's failures to participate in the pretrial proceedings [*see* ECF Nos. 118, 119, 121, 123, 124].

As indicated above, given the egregiousness of the Plaintiff's failures to file pretrial submissions and to appear for a pretrial conference, the Court issued an Order To Show Cause

why this case should not be dismissed for failure to prosecute [ECF No. 119].  In that Order To Show Cause, the Court reminded Plaintiff that his case could be dismissed because of his chosen counsel's conduct and warned, "the Court is not prepared to allow [parties] to violate court orders with impunity" [ECF No. 119].

The Court also instructed the parties to submit the pretrial materials they had previously failed to file [ECF No. 119].  Once again, Plaintiff did not file those materials.  Instead, Plaintiff's counsel filed a letter (1) essentially admitting that the firm had forgotten about the case (stating that the pretrial "deadline and appearance . . . were overlooked" after a lawyer who had been working on the case "left the firm"), and (2) requesting leave to move for sanctions against Mr. Algaad [ECF No. 121].  The Court denied the request for sanctions against Mr. Algaad, "[g]iven Plaintiff's own history of failing to comply with court orders," adjourned the trial *sine die* because Plaintiff still "ha[d] not filed any of the required pretrial filings," and again warned Plaintiff about the possibility of "sanctions, including monetary sanctions, preclusion of claims and defenses, and dismissal with prejudice" [ECF No. 123].

Thereafter, the case continued to languish on the Court's docket, while Plaintiff took no action to prosecute it, for seven months.  As such, the Court scheduled a conference to discuss the plan to move this case towards resolution [ECF Nos. 126, 128, 131].  Thereafter, in an Order dated October 26, 2023, the Court set a deadline for Plaintiff to move for a default judgment as to all Defendants on all remaining claims [ECF No. 131 ("Final Warning Order")].

The Court stated that if Plaintiff did not comply with the Court's orders and Individual Rules in every respect, the motion for a default judgment "will be denied" and "this action will be dismissed for failure to prosecute."  Final Warning Order at 1.  The Court warned: "**THIS IS PLAINTIFF'S FINAL CHANCE TO PROSECUTE HIS CASE**." Final Warning Order at 1.

The Court added: "Plaintiff has permitted this case to languish. The Court will permit **no** further delays." Final Warning Order at 1.

Plaintiff filed a motion for a default judgment, and the Court scheduling a hearing on the motion for February 29, 2024 at 12:00 p.m. [ECF Nos. 148, 149, 150, 151, 152, 153]. Plaintiff filed proof of service of his motion and the Court's scheduling order [ECF No. 154]. Plaintiff then requested and received leave to file a third amended complaint in order to correct the spellings of the names and the addresses of the non-appearing individual defendants [ECF Nos. 155, 156, 157]. However, it appears that Plaintiff neglected to serve the Third Amended Complaint [ECF No. 158 ("TAC")], his operative pleading, on any of the defendants.

On February 29, 2024 at 12:00 p.m., the Court commenced a hearing on Plaintiff's motion, but nobody appeared on behalf of any party. Instead, shortly before noon, Plaintiff's counsel called Chambers to inform the Court that he would be late because he was waiting for his client at his office. At 12:05 p.m., the Court went on the record to observe that nobody had appeared at the hearing, aside from court staff and an interpreter. At 12:15 p.m., after the "hearing" had concluded, Plaintiff's counsel again called Chambers to inform the Court that he was approaching the courthouse. That afternoon, Plaintiff's counsel filed a letter motion to adjourn the hearing *nunc pro tunc*, together with an affidavit from Plaintiff, stating that he became delayed on the subway and "is very apologetic" [ECF No. 159; *see* ECF No. 160].

## II.   DISCUSSION

### A.  The Court Denies Plaintiff's Motion for a Default Judgment and Dismisses All Claims for which the Court has Not Granted Judgment in Plaintiff's Favor.

Plaintiff's motion for a default judgment [ECF No. 148], which he filed only after the Court's most recent warning that he was facing dismissal for failure to prosecute, is denied, and all claims for which the Court has not granted judgment in Plaintiff's favor are dismissed. As

outlined above, Plaintiff has engaged in repeated and, in some instances, egregious failures to prosecute this case, even though the Court repeatedly and emphatically warned him that he could face dismissal of this action and preclusion of claims [ECF Nos. 84 (OTSC), 95, 119 (OTSC), 123, 126, 128, 131 ("Final Warning Order")].

As noted above, Plaintiff waited until after the close of discovery (the deadline for which had been extended six times) and an order from the Magistrate Judge reminding him that discovery was over to seek a subpoena for "wage and hour records" in a wage-and-hour case [ECF Nos. 82, 83].  He ignored the Magistrate Judge's Order to move the case towards summary judgment or trial before this Court [ECF Nos. 83, 84].  Later, after the Court scheduled a jury trial in this case, Plaintiff failed to file any pretrial submissions and failed to appear for a pretrial conference [ECF No. 119].  Then, after the Court issued an Order To Show Cause why this case should not be dismissed for failure to prosecute, and warned him that he could not "violate court orders with impunity," Plaintiff still failed to any pretrial submissions [ECF Nos. 119, 121, 123].  Plaintiff then continued to let the case languish indefinitely, taking no action to prosecute his claims, until the Court warned him that it was his "**FINAL CHANCE TO PROSECUTE**."  Final Warning Order at 1.  The Court stressed that if there were any problems whatsoever with his "**FINAL CHANCE**" motion for a default judgment, the Court would deny the motion and dismiss this case for failure to prosecute.  *See id.*  Nevertheless, in the face of these emphatic warnings, Plaintiff continued his pattern of failures to comply with court orders and prosecute this case by failing to appear at the scheduled time for the hearing on his last-chance motion.  The motion itself made clear that Plaintiff has never properly served the non-appearing individual defendants, and Plaintiff also apparently failed to serve any of the defendants with the Third Amended Complaint, which is his operative pleading.

To be sure, a court has discretion to enter a default judgment in response to a defendant's "withdrawal from the litigation." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 119 (2d Cir. 2011). Here, Defendants Columbia Deli & Grill Inc. and Shawqi Algaad initially appeared, answered, and participated in discovery for a time, but, thereafter, counsel withdrew, and those defendants never again participated in the litigation [ECF Nos. 14, 80, 100; *see* ECF No. 116 ("Op.") at 3–6]. Mr. Algaad, in particular, has been prompted repeatedly to participate in his defense but has remained unresponsive [ECF Nos. 112, 120, 130, 131].

However, the Court also has discretion to deny a default judgment. *See* Wright & Miller, Fed. Prac. & Proc. Civ. § 2685 (4th ed.); *see also Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013) (entry of a default judgment is reviewed for "abuse of discretion"). Indeed, as the Second Circuit has explained, "[i]t is well established that default judgments are disfavored." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001). "A clear preference exists for cases to be adjudicated on the merits." *Pecarsky*, 249 F.3d at 174.

As noted above, the Court adjudicated several of Plaintiff's claims against Mr. Algaad on the merits when it ruled on Plaintiff's unopposed motion for summary judgment after carefully examining the evidence in the record in this case. Specifically, the Court granted judgment with respect to Mr. Algaad's liability for failing to pay overtime as required by the FLSA and the NYLL. The Court also granted judgment with respect to Mr. Algaad's liability for failing to provide a wage notice and wage statements as required by New York law.[1] However, obvious issues of fact precluded the Court from granting summary judgment with respect to Plaintiff's spread-of-hours

---

[1] As discussed below, the Court now concludes that it cannot "award . . . damages for . . . violations of these provisions" of the NYLL, in light of the rulings of "Courts throughout the Second Circuit" that plaintiffs lack standing to assert these claims. *Ramirez v. Urion Constr. LLC*, No. 22-cv-3342 (LGS), 2023 WL 3570639, at *8 (S.D.N.Y. May 19, 2023).

claim and his claim for liquidated damages based on Mr. Algaad's alleged willfulness. Plaintiff did not seek summary judgment on his FLSA and state law retaliation claims because they, too, turn on disputed facts.  The Court dismissed Plaintiff's minimum wage and declaratory judgment claims as facially deficient.

The Court will permit Plaintiff to recover certain damages for the claims on which the Court has previously granted summary judgment on liability against Mr. Algaad.  However, the Court will not exercise its "discretion" to grant him default judgment on his other, surviving claims against Mr. Algaad.  *Guggenheim Cap., LLC*, 722 F.3d at 451.

Plaintiff never moved for summary judgment as to the previously-appearing defendant Columbia Deli & Grill Inc.  *See* Op. at 4 n.2.  In his motion, Plaintiff argues that he is entitled to a default judgment against Columbia Deli & Grill Inc. because that entity did not retain new counsel after its counsel withdrew and failed to obey pretrial orders [ECF No. 149 ¶¶ 14, 15].  Of course, a corporation cannot proceed *pro se* in federal court.  *Grace v. Bank Leumi Tr. Co. of NY*, 443 F.3d 180, 191–92 (2d Cir. 2006).  But, given Plaintiff's years-long pattern of failing to prosecute this case, the Court declines to enter a default judgment against Columbia Deli & Grill Inc., especially since Plaintiff engaged in the same noncompliance with pretrial orders that he now contends supports the entry of default judgment as a sanction.  *See Guggenheim*, 722 F.3d at 451; *Grace*, 443 F.3d at 191–92.

Moreover, with respect to both Mr. Algaad and Columbia Deli & Grill Inc., the Court has concerns about adequate notice.  A district court is required "to provide adequate notice of a default judgment as a sanction against a party proceeding *pro se.*"  *Guggenheim*, 722 F.3d at 452.  Indeed, "due process requires that courts provide notice and an opportunity to be heard before imposing *any* kind of sanctions."  *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 270 (2d Cir. 1999)

10

(emphasis in original) (alteration omitted) (quoting *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 70 (2d Cir. 1996)). The Court cannot conclude that notice is entirely adequate here, where Plaintiff has not filed proof of service of his operative pleading on Mr. Algaad and Columbia Deli & Grill Inc. Furthermore, Plaintiff represents that he served Columbia Deli & Grill Inc. with his motion for a default judgment at the location of the deli where Plaintiff worked, even though Plaintiff represents that location was purchased by the other defendants five years ago. *See* TAC ¶¶ 42, 43. In these circumstances, the Court cannot grant Plaintiff's motion to impose the "serious, case-terminating" sanction of the entry of a default judgment against Mr. Algaad and Columbia Deli & Grill Inc. *Guggenheim*, 722 F.3d at 452.

The Court clearly and emphatically warned Plaintiff that his motion for a default judgment was his "**FINAL CHANCE**" to prosecute. Plaintiff failed to file a motion the Court can grant. As such, Plaintiff's unadjudicated claims against Mr. Algaad and all claims against Columbia Deli & Gill Inc. are DISMISSED for failure to prosecute. *See Capellan v. Dep't of Homeland Sec.*, No. 06-cv-2551(KMW), 2008 WL 2512491, at *2 (S.D.N.Y. June 13, 2008).

Turning to the non-appearing defendants, it would be an abuse of discretion to grant default judgment. The individual non-appearing defendants were never properly served with the Second Amended Complaint naming them as defendants.[2] Each was purportedly served at the deli where Plaintiff worked via acceptance of service by a "CO-WORKER," identified only as "JORGE (DOE) (REFUSED FULL NAME) . . ." [ECF Nos. 61 (Ammar Al Kutainy), 62 (Nasser Al Kutainy), 63 (Fouad Thabet)]. The applicable federal and state rules authorize service "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business" of the defendant. N.Y. C.P.L.R. § 308(2); *see* Fed. R. Civ. P. 4. But, here, there

---

[2] The non-appearing "Amsterdam Deli and Convenience Corp." was apparently properly served the Second Amended Complaint via the Secretary of State [ECF No. 60].

is no *prima facie* showing that some unidentified person working at the deli had discretion to accept service. *See Lliviganay v. Cipriani 110 LLC*, No. 09-cv-737(LAK), 2009 WL 1044606, at *1 (S.D.N.Y. Apr. 14, 2009) (denying default judgment, and finding service ineffective under section 308(2), where service affidavits did "not identify the persons to whom copies of the summons and complaint were given, and state[d] only that those unidentified persons described themselves as co-workers of the individual defendants").

Moreover, there are insufficient allegations that the defendants were regularly physically present at the deli, which is a prerequisite for service at an actual place of business. *See Selmani v. City of New York*, 100 A.D.3d 861, 861, 954 N.Y.S.2d 580, 582 (2012); *Ayyaz v. City of New York*, No. 19-cv-01412 (LTS-SN), 2021 WL 1225684, at *7 (S.D.N.Y. Mar. 31, 2021). The pleading contains no allegations about how often the individual defendants were present at the deli. Plaintiff's affidavit merely states that Ammar Al Kutainy "began working in defendants' business, purchasing good and materials from vendors, and started paying [Plaintiff's] wages" in September or October 2018, and Nasser Al Kutainy "started coming to the business, looking around the business, and speaking to Shawqi Algaad" [ECF No. 150 ¶¶ 2, 3]. It says nothing about Fouad Thabet. This is clearly insufficient to conclude that Nasser Al Kutainy and Fouad Thabet were ever present regularly enough for purposes of proper service, and the allegations about Ammar Al Kutainy's presence were already three years old by the time Plaintiff filed the SAC. *See Ayyaz*, 2021 WL 1225684, at *7.

Moreover, as noted above, there is no indication that Plaintiff ever served his operative pleading, the Third Amended Complaint, on anyone. Significantly, Plaintiff sought leave to filed the Third Amended Complaint on the ground that he now has better information about the residences of the non-appearing individual defendants, but he has not represented that he used that

information to cure his earlier, defective service on these defendants. The certificate of service of the default motion [ECF No. 154] says the motion and papers were mailed to Ammar Al Kutainy and Nasser Al Kutainy at what appear to be residential addresses, but it is not proper to serve by mail alone in the first instance. *See* C.P.L.R. § 308(4) (allowing service by first class mail *after* diligent efforts at personal service). Even worse, the certificate of service says the default motion was mailed to Fouad Thabet at the deli, despite the total absence of evidence or allegations about his presence there.

Finally, turning to the sufficiency of Plaintiff's allegations, the Court observes that the Third Amended Complaint itself alleges that the non-appearing defendants did not own the deli where Plaintiff worked until after his employment ended. *See* TAC ¶¶ 29 (alleging that Plaintiff was employed "until January 10, 2019"), 42 (the deli was purchased from Mr. Algaad on January 17, 2019), 43 (alleging the non-appearing defendants have owned the deli "[s]ince January 17, 2019"). In evaluating a motion for a default judgment, the Court must "look to the complaint to determine whether the plaintiff has established a *prima facie* case for recovery." *U.S. Commodity Futures Trading Comm'n v. All City Invs.*, LLC, No. 16-cv-7372 (AJN), 2018 WL 2465377, at *2 (S.D.N.Y. June 1, 2018). In light of Plaintiff's own allegations about the timeline, he has not established a *prima facie* case for recovery against the non-appearing defendants.

Plaintiff took no action to prosecute his claims against the non-appearing defendants for years and, then, acted only because the Court threatened to dismiss the claims. He then submitted a defective motion for default judgment and failed to appear at the hearing. As such, Plaintiff's motion for a default judgment against the non-appearing defendants is DENIED and all claims against them are DISMISSED for lack of service and failure to prosecute.

### B. Damages

#### 1. Unpaid Overtime

As explained above, the Court earlier granted Plaintiff's unopposed motion for summary judgment with respect to Mr. Algaad's liability for failing to pay overtime as required by the FLSA and the NYLL.  Op. at 12–13.  In his motion for summary judgment, Plaintiff conceded that he would have to prove the full amount of damages he claimed for unpaid overtime at a trial because the evidence in the record on summary judgment established disputes about how much overtime Plaintiff worked and the length of his employment [ECF No. 105 ("Pl. MSJ") at 10, 15, 17].  *See* Op. at 13.  As set forth above, Plaintiff failed to move this case to trial and failed to obtain a default judgment against Mr. Algaad.  Accordingly, Plaintiff is entitled to recover damages for the unpaid overtime there is no dispute Plaintiff worked.  *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (any award of damages must be established to a "reasonable certainty" based on admissible evidence).

Plaintiff asserts overtime claims under both the FLSA and NYLL.  He may recover under either statute.  *See Pineda v. Masonry Const., Inc.*, 831 F. Supp. 2d 666, 676 (S.D.N.Y. 2011).  Both statutes require that employers compensate employees who work over forty hours per week with overtime pay at the rate of one and one-half times the regular rate of pay.  *See* 29 U.S .C. § 207; NY. Lab. Law §§ 198(1–a), 663(1).  Thus, in calculating overtime pay under the FLSA and NYLL, the Court must determine the employee's regular rate of pay and the number of overtime hours for which the employer is liable. *See* 29 U.S.C. § 207(a)(1); 12 NYCRR § 142–2.2; *Pineda*, 831 F. Supp. 2d at 676–77.

As set forth in the Court's earlier Opinion on summary judgment, based on the Court's careful review of the record, there is no dispute that Plaintiff worked at least 48 hours per week

between March 25, 2018 and July 1, 2018 [ECF No. 102 ("Pl. Aff.") ¶¶ 3, 8, 13; ECF No. 103-1 ("Algaad Depo.") at 31:8, 32:15–17, 35:7; ECF No. 104 ("Pl. 56.1") ¶ 19].  *See* Op. at 2, 16.  That means Mr. Algaad is liable for 8 hours of overtime per week for a period of 14 weeks.  Plaintiff's regular rate of pay was $13.50 per hour [ECF No. 149 ¶ 20].  *See* Op. at 12; Pl. Aff. ¶ 9; *see also Reich v. S. New Eng. Telecomm. Corp.*, 121 F.3d 58 (2d Cir. 1997) (a court can approximate based on Plaintiff's evidence).  Thus, Plaintiff is entitled to collect unpaid overtime at a rate of $20.25 per hour for 112 hours of work, which is $2,268.

### 2.  Wage Notices and Wage Statements

The Court also granted summary judgment with respect to Mr. Algaad's liability for failing to provide a wage notice and wage statements as required by New York law.  However, the Court cannot award Plaintiff damages for violations of these provisions consistent with the requirements of Article III jurisdiction.  Specifically, in the wake of the Supreme Court's discussion of standing to assert statutory violations in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021), courts throughout the Second Circuit have come to a consensus, correctly, that plaintiffs lack standing to assert violations of the Wage Theft Prevention Act under NYLL because they fails to allege "any concrete, downstream consequence of the recordkeeping violation," *Chen v. Lilis 200 W. 57th Corp.*, 19-cv-7654, 2023 WL 2388728, at *8 (S.D.N.Y. Mar. 7, 2023) (collecting cases).  That is the case here, too.  *See Ramirez*, 2023 WL 3570639, at *8; *Neor v. Acacia Network, Inc.*, 2023 WL 1797267, at *4 (S.D.N.Y. 2023); *Pastrana v. Mr. Taco LLC*, 2022 WL 16857111, at *7 (S.D.N.Y. Sept. 23, 2022) (concluding that plaintiffs were required to demonstrate how the "lack of notice resulted in an injury greater than" overtime violations), *report and recommendation adopted*, 2022 WL 16857107 (S.D.N.Y. Nov. 10, 2022).

Plaintiff's lack of standing to assert his claims for violations of the Wage Theft Prevention

Act deprives the Court of subject matter jurisdiction over those claims. *See Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.a.r.l*, 790 F.3d 411, 417 (2d Cir. 2015). As such, the Court must raise the issue, *sua sponte*, at this late stage, and dismiss Plaintiff's wage notice and wage statements claims, rather than purport to award damages when the Court lacks jurisdiction to do so. *See Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005).

### III.   CONCLUSION

For the reasons set forth above, Plaintiff's motion for a default judgment is DENIED as to all of the defendants. All claims against Defendants Columbia Deli & Grill Inc., Amsterdam Deli and Convenience Corp., Ammar Y. Al Kutainy, Nassar A. Al Kutainy, and Fouad Thabet Saleh are DISMISSED. All of the claims against Shawqi Algaad on which the Court has not previously granted summary judgment as to liability (namely, the claims for spread-of-hours pay, liquidated damages based on willfulness, and retaliation) are DISMISSED. The claims against Algaad for violations of the Wage Theft Prevention Act under NYLL, for which the Court previously granted summary judgment in Plaintiff's favor, are also DISMISSED. The request to adjourn the default judgment hearing *nunc pro tunc* is DENIED.

With respect to Plaintiff's claims for unpaid overtime, pursuant to the FLSA and NYLL, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Plaintiff shall recover from Defendant Shawqi Algaad $2,268, plus post-judgment interest.

The Clerk of Court respectfully is requested to terminate all open motions, enter judgment in the amount of $2,268, and close this case.

**SO ORDERED.**

Date:  **March 28, 2024**
       **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

16